```
                    UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF MISSISSIPPI,
                         WESTERN DIVISION
```

JOSEPH CHRISTIAN MILLER, IV                                PLAINTIFF

VERSUS                             CIVIL ACTION NO. 5:08cv5-DCB-JMR

HANCOR, INC., TONY LEE JAMES,
and DEFENDANTS A-F                                        DEFENDANTS

### ORDER

This matter comes before the Court on the plaintiff's Motion to Remand [**docket entry no. 16**]. Having carefully considered said Motion, a memorandum in support thereof, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

On December 10, 2007, Joseph Christian Miller, IV, a citizen of Mississippi and the plaintiff herein, filed a lawsuit against defendant Hancor, Inc. ("Hancor") and fictitiously-named defendant John Brown in the Circuit Court of Warren County, Mississippi. In his Complaint, Miller seeks $1,500,00.00 in actual damages and $2,000,000.00 in punitive damages.

On January 17, 2008, Hancor filed its Notice of Removal [docket entry no. 1] of the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 based upon the Court's diversity of citizenship jurisdiction under 28 U.S.C. § 1332. In its Notice of Removal, Hancor averred that it is completely diverse from the plaintiff inasmuch as the plaintiff is a citizen of Mississippi and

Hancor is considered a citizen of Ohio (its state of incorporation and the location of its principal place of business).  Hancor also correctly pointed out that the citizenship of John Brown, a fictitiously named defendant, should be disregarded pursuant to § 1441(a) for purposes of removal.  In addition, Hancor noted that the amount in controversy requirement of § 1332 is clearly satisfied due to the amount of damages demanded by the plaintiff in his Complaint.

On April 22, 2008, after having obtained leave of the Court, the plaintiff filed his Amended Complaint [docket entry no. 12] wherein he substituted Tony Lee James, a Mississippi citizen, as an actual defendant to replace the fictitious John Brown.  On May 17, 2008, the plaintiff filed his Motion to Remand [docket entry no. 16] the case to the Circuit Court of Warren County, Mississippi.  The plaintiff asserts that the substitution of Tony Lee James destroys complete diversity between the plaintiff and all defendants and that the Court therefore now lacks jurisdiction over the subject matter of the action.

As of the date of this Order, the defendants have raised no opposition to the plaintiff's Motion.

There is no doubt that complete diversity is now lacking due to the presence of Tony Lee James (like the plaintiff, a citizen of Mississippi) as a defendant in this cause.  The substitution of an actual defendant in place of a fictitious defendant is contemplated by the term "join" as used in § 1447(e).  <u>Doleac ex rel. Doleac v.</u>

Michalson, 264 F.3d 470, 477 (5th Cir. 2001).  Accordingly, pursuant to § 1447(e), inasmuch as the Court has allowed the plaintiff to join a defendant whose presence deprives the Court of subject matter jurisdiction, the action must be remanded to the Circuit Court of Warren County, Mississippi.  Accordingly,

**IT IS HEREBY ORDERED** that the plaintiff's Motion to Remand [**docket entry no. 16**] is **GRANTED**.

**SO ORDERED**, this the 5th day of June 2008.


                                 s/ David Bramlette

                               **UNITED STATES DISTRICT JUDGE**